UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA A. HAUN,<br><br>    Plaintiff,<br><br>    v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,[1]<br><br>    Defendant. | No. 2:16-cv-02190 AC<br><br><br>ORDER |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying her application for disability insurance benefits ("DIB") under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401-34, and for Supplemental Security Income ("SSI") under Title XVI of the Act, 42 U.S.C. §§ 1381-1383f.[2]

---

[1] On January 23, 2017, Nancy A. Berryhill became the Acting Commissioner of the Social Security Administration. See https://www.ssa.gov/agency/commissioner.html (last visited by the court on February 22, 2018). She is therefore substituted as the defendant in this action. See 42 U.S.C. § 405(g); 20 C.F.R. § 422.210(d) ("the person holding the Office of the Commissioner shall, in his official capacity, be the proper defendant").

[2] DIB is paid to disabled persons who have contributed to the Disability Insurance Program, and who suffer from a mental or physical disability. 42 U.S.C. § 423(a)(1); Bowen v. City of New York, 476 U.S. 467, 470 (1986). SSI is paid to financially needy disabled persons. 42 U.S.C. § 1382(a); Washington State Dept. of Social and Health Services v. Guardianship Estate of Keffeler, 537 U.S. 371, 375 (2003) ("Title XVI of the Act, § 1381 *et seq.*, is the Supplemental Security Income (SSI) scheme of benefits for aged, blind, or disabled individuals, including children, whose income and assets fall below specified levels . . .").

1

For the reasons that follow, plaintiff's motion for summary judgment will be denied, and defendant's cross-motion for summary judgment will be granted.

## I. PROCEDURAL BACKGROUND

Plaintiff applied for disability insurance benefits on August 9, 2012, and for supplemental security income on August 20, 2012. Administrative Record ("AR") 14.[3] The disability onset date for both applications was alleged to be March 1, 2011. Id. The applications were disapproved initially and on reconsideration. Id. On June 24, 2011, Administrative Law Judge ("ALJ") Peter Belli presided over a video hearing on plaintiff's challenge to the disapprovals. Id. Plaintiff, who was present and testified at the hearing, was represented by Jason Carney. AR 337-384 (transcript). Also testifying was Joy Yoshioka, Vocational Expert ("VE"). Id.

On September 22, 2014, the ALJ found plaintiff "not disabled" under Sections 216(i) and 223(d) of Title II of the Act, 42 U.S.C. §§ 416(i), 423(d), and Section 1614(a)(3)(A) of Title XVI of the Act, 42 U.S.C. § 1382c(a)(3)(A). AR 14-21 (decision). On June 16, 2014, the Appeals Council denied plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner of Social Security. AR 5-8 (decision and additional exhibit list).

Plaintiff filed this action on September 14, 2016. ECF No. 1; see 42 U.S.C. §§ 405(g), 1383c(3). The parties consented to the jurisdiction of the magistrate judge. ECF Nos. 7, 8. The parties' cross-motions for summary judgment, based upon the Administrative Record filed by the Commissioner, have been fully briefed. ECF Nos. 16 (plaintiff's summary judgment motion), 19 (Commissioner's summary judgment motion), 20 (plaintiff's reply).

## II. FACTUAL BACKGROUND

Plaintiff was born on January 11, 1963, and accordingly was 48 years old on the alleged disability onset date, making plaintiff a "younger person" under the regulations, when she filed her applications. AR 55; 316; see 20 C.F.R. §§ 404.1563(c) ("Younger person"), 416.963(c) (same). Plaintiff has a high school education, some college, and can communicate in English. AR 72. Plaintiff worked as a cashier from May 2010 to March 2011. AR 72-73. Before that, she

---

[3] The AR is filed in paper format with the Clerk of the Court. ECF No. 15 (AR 1 to AR 384).

worked as a driver from August 1992 to January 2001; and a nursing assistant from July 2007 to April 2009. Id.

### III. LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld "if it is supported by substantial evidence and if the Commissioner applied the correct legal standards." Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1011 (9th Cir. 2003). "'The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . ..'" Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995) (quoting 42 U.S.C. § 405(g)).

Substantial evidence is "more than a mere scintilla," but "may be less than a preponderance." Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012). "It means such evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal quotation marks omitted). "While inferences from the record can constitute substantial evidence, only those 'reasonably drawn from the record' will suffice." Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation omitted). Although this court cannot substitute its discretion for that of the Commissioner, the court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." Desrosiers v. Secretary of HHS, 846 F.2d 573, 576 (9th Cir. 1988); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) ("The court must consider both evidence that supports and evidence that detracts from the ALJ's conclusion; it may not affirm simply by isolating a specific quantum of supporting evidence.").

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). However, the court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007); Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) ("It was error for the district court to affirm the ALJ's credibility decision based on

evidence that the ALJ did not discuss").

The court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006) (quoting Stout v. Commissioner, 454 F.3d 1050, 1055 (9th Cir. 2006)); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

## IV. RELEVANT LAW

Disability Insurance Benefits and Supplemental Security Income are available for every eligible individual who is "disabled." 42 U.S.C. §§ 402(d)(1)(B)(ii) (DIB), 1381a (SSI). Plaintiff is "disabled" if she is "'unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment….'" Bowen v. Yuckert, 482 U.S. 137, 140 (1987) (quoting identically worded provisions of 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A)).

The Commissioner uses a five-step sequential evaluation process to determine whether an applicant is disabled and entitled to benefits. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); Barnhart v. Thomas, 540 U.S. 20, 24-25 (2003) (setting forth the "five-step sequential evaluation process to determine disability" under Title II and Title XVI). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

20 C.F.R. §§ 404.1520(a)(4)(i), (b) and 416.920(a)(4)(i), (b).

> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, the claimant is not disabled.

Id., §§ 404.1520(a)(4)(ii), (c) and 416.920(a)(4)(ii), (c).

> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is disabled. If not, proceed to step four.

Id., §§ 404.1520(a)(4)(iii), (d) and 416.920(a)(4)(iii), (d).

> Step four: Does the claimant's residual functional capacity make him capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.

4

Id., §§ 404.1520(a)(4)(iv), (e), (f) and 416.920(a)(4)(iv), (e), (f).

> Step five: Does the claimant have the residual functional capacity perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Id., §§ 404.1520(a)(4)(v), (g) and 416.920(a)(4)(v), (g).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. 20 C.F.R. §§ 404.1512(a) ("In general, you have to prove to us that you are blind or disabled"), 416.912(a) (same); Bowen, 482 U.S. at 146 n.5. However, "[a]t the fifth step of the sequential analysis, the burden shifts to the Commissioner to demonstrate that the claimant is not disabled and can engage in work that exists in significant numbers in the national economy." Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012); Bowen, 482 U.S. at 146 n.5.

## V. THE ALJ's DECISION

The ALJ made the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through September 30, 2012.
>
> 2. [Step 1] The claimant has not engaged in substantial gainful activity since the amended onset date of September 30, 2012 (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).
>
> 3. [Step 2] The claimant has the following severe impairments: chronic left arm/hand pain secondary to ulnar neuropathy and claw hand deformity, diabetes mellitus, type II, and residual right shoulder pain status post fracture (20 CFR 404.1520(c) and 416.920(c)).
>
> 4. [Step 3] The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 303, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).
>
> 5. [Step 4] After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b). In particular, claimant is able to lift/carry 20 pounds frequently in her right hand dominant upper extremity; she is able to lift/carry 10 pounds occasionally and five pounds frequently with use of helper hand in her left upper extremity. The claimant is able to stand/walk and sit eight-hour in an eight-hour workday with normal breaks. She cannot climb ladders/ropes/scaffolds or crawl. She is able to frequently work above the shoulders and reach in all directions. She cannot perform gross or fine manipulation with the right hand. She is able

frequently perform gross manipulation with the left hand and occasionally perform fine manipulation in the left hand.

6. [Step 5] The claimant is capable of performing past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant has not been under a disability, as defined in the Social Security Act, from September, through the date of this decision (20 CFR 404.1520(f) and 416.920(f)).

AR 16-21.

As noted, the ALJ concluded that plaintiff was "not disabled" under Sections 216(i) and 223(d) of Title II of the Act, 42 U.S.C. §§ 416(i), 423(d), and Section 1614(a)(3)(A) of Title XVI of the Act, 42 U.S.C. § 1382c(a)(3)(A). AR 21.

## VI. ANALYSIS

Plaintiff raises two issues: (1) whether the ALJ's residual functional capacity findings are supported by substantial evidence; and (2) whether the ALJ properly rejected plaintiff's pain and symptom testimony. ECF No. 16 at 9.

A. Residual Functional Capacity ("RFC")

In determining a claimant's RFC, an ALJ must assess all the evidence to determine what capacity the claimant has for work despite her impairments. See 20 C.F.R. §§ 404.1545(a), 416.945(a). The court will affirm the ALJ's determination of plaintiff's RFC if the ALJ applied the proper legal standard and her decision is supported by substantial evidence. See Bayliss v. Barnhart, 427 F.3d 1211, 1217 (9th Cir. 2005). An examining physician's opinion alone constitutes substantial evidence if it rests on that physician's own independent examination. See Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001).

The ALJ assessed plaintiff's RFC as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b). In particular, claimant is able to lift/carry 20 pounds frequently in her right hand dominant upper extremity; she is able to lift/carry 10 pounds occasionally and five pounds frequently with use of helper hand in her left upper extremity. The claimant is able to stand/walk and sit eight-hour in an eight-hour workday with normal breaks. She cannot climb ladders/ropes/scaffolds or crawl. She is able to frequently work above the shoulders and reach in all directions. She cannot perform gross or fine manipulation with the

6

|   | right hand. She is able to frequently perform gross manipulation with the left hand and occasionally perform fine manipulation in the left hand. |

AR 18.

In making his RFC assessment, the ALJ relied on the opinion of examining physician Dr. Benrazavi:

> [C]onsultative physician, Sohelia Benrazavi, M.D. examined the claimant on December 22, 2012 and opined that the claimant is able to lift/carry 20 pounds occasionally and 10 pounds frequently. She is able to stand/walk, up to six hours per eight-hour workday, and sit for six hours out of an eight-hour workday due to the condition of the claimant's left upper extremity status post left ulnar nerve injury with limitation in range of motion of the left elbow and weakness of the left hand. Push/pull and torqueing are limited to occasional in the left upper extremity. Fine manipulation with the left hand is limited to occasional…The Administrative Law Judge gave great weight to Dr. Benrazavi, consultative examination (CE) medical opinion…[as this opinion is] generally consistent with the discussed treatment notes that showed that the claimant's condition is well controlled.

AR 20.

First, plaintiff argues that the RFC's omission of the pushing and pulling restrictions, as found by Dr. Benrazavi, constitutes error requiring remand. ECF No. 16 at 12-13. The court disagrees. Although the ALJ failed to include this restriction in the statement of plaintiff's RFC, any error is harmless. At the hearing, the ALJ presented the VE with a hypothetical that included the pushing and pulling restrictions found by Dr. Benrazavi:

> Q: Take a hypothetical individual similar to the claimant, who is age 51, is a high school graduate with an AA degree, work history is in the record. This hypothetical individual can lift, carry, push, and/or pull with the right upper extremity occasionally 20 pounds and frequently 10; with the left upper extremity occasionally 10 pounds and frequently five. The left upper extremity can be used as a helper hand and this individual is right hand dominant. This hypothetical individual can sit eight hours out of an eight-hour day with normal breaks; no climbing of ladders, ropes or scaffolds, no crawling. The individual is limited to frequent reaching in all directions. There are no gross or fine manipulation limitations with the right hand. The left hand is limited to frequent gross manipulation and occasional fine manipulation. There are no other limitations. Can this hypothetical individual perform any of the past work performed by the claimant?
>
> A: She could still perform the sales attendant position and also the

> companion position.
>
> Q: Are there any other jobs that this person can perform?
>
> A: Yes. First position is a retail marker…[n]ext position is a stock checker…[n]ext position is an information clerk.

AR 379-380.

This hypothetical was consistent with Dr. Benrazavi's opinion as to plaintiff's pushing and pulling limitations. The VE's own testimony supports a finding that even with the additional restrictions, plaintiff can engage in work that exists in significant numbers in the national economy. See Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1228 (9th Cir. 2009) (holding that a VE's testimony supports a finding that a claimant can engage in work in the national economy, so long as the hypothetical presented to the VE provides all of the claimant's restrictions and limitations.) Accordingly, even if the ALJ erred in omitting these limitations from the formulation of the RFC, the undersigned finds the error to be harmless.

Second, plaintiff contends that the handling[4] limitation in the RFC conflicts with Dr. Benrazavi's opinion that plaintiff can "occasionally engage in torqueing with the left upper extremity." ECF No. 16 at 13. Specifically, the plaintiff argues that the ALJ's finding that the plaintiff can frequently perform gross manipulation with her left hand conflicts with Dr. Benrazavi's opinion that "torqueing" of the left upper extremity is limited to occasional. ECF No. 16 at 13. The court disagrees. It is clear that the ALJ's assessment of plaintiff's manual dexterity is separate from the upper extremity limitation. The torqueing limitation noted by Dr. Benrazavi clearly applies to plaintiff's left upper extremity, whereas the limitation on the left hand is explicitly stated separately. See AR 184. Moreover, any error is harmless. At the hearing, plaintiff's attorney presented the VE with a third hypothetical that included the restrictions set forth in the first hypothetical and also included limitations to plaintiff's hand manipulations that were more restrictive than those identified by Dr. Benrazavi:

> Q: Okay. Well, let me pose hypothetical number three to you now. Now I'm going to make the left hand helper hand only, so basically

---

[4] "Handling" is defined as "seizing, holding, grasping, turning or otherwise working primarily with the whole hand or hands." S.S.R. 85-15.

8

> no use, no real – so less than occasional both in fine and gross, less than occasional on both of those. So basically the left hand is just like a helper hand, like, you know, help balance stuff maybe if she's lifting with the right hand. So essentially she's one handed with the right dominant hand only.
>
> A: Okay. And just to clarify, so the left hand would be only for helping, but less than occasion for gross and fine manipulation; is that correct?
>
> Q: Yes.
>
> A: All right, okay. So if that's the case, probably cannot perform the cashier position or the companion position, and definitely not for retail marker or the stock checker. And information clerk, the information clerk involves more using a headset, so the person could alternate and rely on one hand more than the other. So I'd say she probably could still perform the information clerk position, but over time may run into difficulties in not being able to use the left hand in terms of gross and fine motor manipulation.
>
> Q: Well, there would be no alternating because there's no use of the left hand.
>
> A: Yeah, I understand that. But with the information clerk, they use a headset usually and so they're not that dependent on full use of both hands all the time:
>
> Q: Okay. So you're saying yes, that job could still be performed?
>
> A: Yes.

AR 382-383.

Because the VE testified that plaintiff would be able to engage in work even without use of her left hand, the alleged error was harmless. The VE's testimony is substantial evidence supporting the ALJ's determination that plaintiff can perform other work. For the foregoing reasons, remand is not warranted on this issue.

B. Credibility Determination

Plaintiff lastly contends that the ALJ failed to provide specific, clear and convincing reasons for discounting plaintiff's pain and symptom testimony.

"In evaluating the credibility of a claimant's testimony regarding subjective pain, an ALJ must engage in a two-step analysis." Vasquez v. Astrue, 572 F.3d 586, 591 (9th Cir. 2009); see also Molina, 674 F.3d at 1112. "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be

expected to produce the pain or other symptoms alleged." Lingenfelter v. Astrue, 504 F.3d 1028, 1036 (9th Cir. 2007) (internal quotation marks and citation omitted); see also Molina, 674 F.3d at 1112; Berry v. Astrue, 622 F.3d 1228, 1234 (9th Cir. 2010) ("Once the claimant produces medical evidence of an underlying impairment, the Commissioner may not discredit the claimant's testimony as to subjective symptoms merely because they are unsupported by objective evidence." (Internal quotation marks and citation omitted)). "Second, if the claimant meets this first test, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." Lingenfelter, 504 F.3d at 1036 (internal quotation marks and citation omitted); see also Molina, 674 F.3d at 1112; Valentine v. Comm'r of Soc. Sec. Admin., 574 F.3d 685, 693 (9th Cir. 2009). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." Berry, 622 F.3d at 1234 (internal quotation marks and citation omitted); see also Lester, 81 F.3d at 834; Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993).

The court finds that the ALJ did not err in finding plaintiff's testimony partially credible, because he offered specific, clear and convincing evidence for doing so. The ALJ offered two reasons in support of finding that plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible:" (1) plaintiff's "allegations are inconsistent with clinical indications that show that [plaintiff's] condition is generally well controlled; and (2) plaintiff's "allegations are inconsistent with medical opinions that show that the [plaintiff] has considerable work-related abilities." AR 19-20.

First, the ALJ found that plaintiff's condition was well controlled because: (1) physical examinations showed that plaintiff was not in "acute distress;" (2) plaintiff "demonstrated full motor strength with some mild atrophy, range of motion of the wrists and shoulders are within normal limits," "left elbow range of motion was only mildly diminished," plaintiff's "left hand grip was diminished but she was able to make a full fist with the left hand," and "lumbar spine examination showed diminution in range of motion without any convincing evidence of lumbar radiculopathy;" (3) treatment was conservatively limited to pain medication, which plaintiff had

10

used while working; (4) no wasting of muscle of the left forearm despite loss of 30 degrees of full extension and claw deformity of plaintiff's fourth and fifth finger; (5) treatment notes of plaintiff's fracture of her right shoulder showed it is healing well and later treatment notes show no fracture; and (6) a November 2013 physical examination showed plaintiff had only some slight tenderness over her right shoulder and wrist. AR 19. Plaintiff contends that the ALJ erred in discrediting claimant based on (1) the amount of pain medication she takes since her pain from 2013 increased in 2014; (2) and for lack of insurance. ECF No. 16 at 17. As to the second contention, the ALJ did not list plaintiff's lack of insurance as a reason for discrediting plaintiff, accordingly the undersigned rejections this contention. Moreover, although plaintiff testified to the amount of pain medication she takes a day, the medical evidence indicates plaintiff's medication regiment had not been increased since 2013 to 2014 and that no other course of treatment was recommended to treat the pain. See AR 231-234; 238-242. Accordingly, plaintiff has not shown that the ALJ erred in discounting plaintiff's credibility based in part upon the clinical findings that plaintiff's condition is generally well controlled.

Secondly, the ALJ found that plaintiff's allegations were inconsistent with the medical opinions because: (1) Dr. Benrazavi's opinion indicates plaintiff has limitations as to lifting, carrying, standing, walking, pushing, pulling, torqueing, and hand manipulation but that plaintiff still has considerable work-related abilities; (2) State agency reviewing physicians, although accorded some weight, were consistent with treatment notes that plaintiff's condition was well controlled; and (3) although plaintiff may experience some level of pain and discomfort the medical evidence showed that it is well controlled. AR 20. Plaintiff makes a cursory argument that the ALJ was required to articulate specific, clear and convincing reasons for rejecting plaintiff's testimony. ECF No. 16 at 18 (citing to Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1996); Dodril, 12 F.3d at 918.). However, plaintiff fails to specify which of the ALJ's reasons fails to meet this standard. The undersigned finds the ALJ properly considered the inconsistency of plaintiff's testimony and the medical evidence in evaluating her credibility.

Because the ALJ provided specific, clear and convincing reasons for finding plaintiff's testimony partially credible, remand is not warranted on this ground.

11

# VII.  CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 16), is DENIED;

2. The Commissioner's cross-motion for summary judgment (ECF No. 19), is GRANTED; and

3. The Clerk of the Court shall enter judgment for plaintiff, and close this case.

DATED: March 21, 2018

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE